IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KYLE IRVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 07 C 1207 |
| ) | |
| CITY OF CHICAGO, Chicago Police ) | Judge Kendall |
| Officers DION BOYD, CEDRICK PARKS, ) | |
| CARL WITHERSPOON, and OTHER ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, KYLE IRVIN, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, POLICE OFFICERS DION BOYD, CEDRICK PARKS, CARL WITHERSPOON, and other UNKNOWN CHICAGO POLICE OFFICERS (collectively, "Defendants"), states as follows:

1. This action alleging wrongful imprisonment is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## The Parties

4. Plaintiff, Kyle Irvin, is a 22 year-old resident of the City of Chicago.

5. Defendants Boyd and Parks, as well as the as-yet unidentified other officers, are all police officers employed by the City of Chicago, itself a municipal corporation. All of the officers are sued in their individual capacities.

## Factual Allegations

6. On July 19, 2004, a gunman shot and killed a man named Sherman Freeny.

7. Though the crime was investigated by the Chicago Police Department, seven months passed without anyone being apprehended or charged in connection with Mr. Freeny's murder.

8. On March 18, 2005, Plaintiff was arrested without probable cause by members of the Chicago Police Department. At the time of his unlawful arrest, Plaintiff was twenty years-old, and a recent graduate of Dunbar High School.

9. Following his arrest, Plaintiff was taken to Area Two police headquarters, where his repeated requests for access to both an attorney and his mother were all denied.

10. After re-locating him several times, Defendants caused Plaintiff to be detained without probable cause for an unreasonable amount of time. During his unlawful detention, Defendants interrogated Plaintiff concerning what he subsequently learned was the Freeny murder, a crime about which he personally knew absolutely nothing.

11. During and following ensuing interrogation sessions, Plaintiff was detained overnight in a small interrogation room in which he spent most of his time with his hand shackled to a bar on the wall.

12. No bedding was provided, and it was impossible to get any restful sleep on the narrow bench because his hand was locked to the wall in a position which was above his head if he tried to lie down.

13. For the duration of his detention in the interrogation room, Plaintiff was offered food only sporadically. Plaintiff was permitted to leave only to use the bathroom, and that too was permitted only at irregular intervals.

14. Because there were no clocks, windows, or light in the detention room, Plaintiff eventually lost track of how long he spent being detained in this manner, but he believes it exceeded 48 hours.

15. The treatment described in the foregoing paragraphs was undertaken pursuant to a routine practice on the part of the City of Chicago, so well-settled and ingrained as to constitute the City's policy.

16. Despite the coercive conditions and interrogation tactics, Plaintiff did not confess to the crime. This is because he had absolutely nothing to do with it.

17. The Defendants nonetheless proceeded to cause Plaintiff to be charged with the murder, notwithstanding the lack of probable cause for said charges.

18. In order to build a false case against him, the Defendants fabricated evidence which falsely implicated Plaintiff in the murder, and destroyed and/or otherwise withheld from the State's Attorney and from Plaintiff evidence which would have helped exonerate him, all in violation of the constitution.

19. In so doing, Defendants, acting personally as well by and through conspiracy with others, coached and manipulated witnesses, and then withheld from the prosecutors the details of how they had done so.

20. Defendants also utilized unduly suggestive procedures resulting in a faulty eyewitness identification which, when introduced at trial, deprived Plaintiff of due process.

21. As a complaining witness, Defendant Boyd also testified falsely about Plaintiff's purported guilt at Plaintiff's criminal trial.

22. The totality of Defendants' misconduct in Plaintiff's criminal case was so egregiously abusive that it shocks the conscience.

23. Plaintiff's trial concluded in March of 2006, whereupon he was acquitted of all charges in a manner indicative of his innocence.

24. Prior to his acquittal, Plaintiff was incarcerated at the Cook County Jail for the majority of the time between his March 2005 arrest and his March 2006 exoneration. An innocent young man housed among violent criminals, Plaintiff was forced unnecessarily to endure harsh and brutal conditions.

## Legal Claims

25. In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing him damage. Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

26. Defendants' conduct also constitutes state law malicious prosecution and intentional infliction of emotional distress in that they caused Plaintiff to prosecuted for a crime he did not commit, all without probable cause.

27. Defendants also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

28. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

29. Plaintiff's injuries were proximately caused by a policy and practice on the part of the City of Chicago to pursue wrongful convictions through profoundly flawed investigations. In this way, the City of Chicago violated Plaintiff's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violations.

30. The above-described widespread practices, so well-settled as to constitute *de facto* policy in the Chicago Police Department, was able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

31. The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment. Indeed, the Department's system for investigating and disciplining police officers accused of this type of misconduct was, and is, for all practical purposes, nonexistent. As a result, officers are led to believe that they can act with impunity, thereby encouraging the very type of abuses which befell Plaintiff.

32. All of Defendants' interactions with Plaintiff and the criminal case against brought him were undertaken under color of law, and within the scope of their employment.

33. Because each of the Defendants acted within the scope of their employment, the City of Chicago is therefore liable as their employer for any resulting damages and award of attorneys' fees.

WHEREFORE, Plaintiff, KYLE IRVIN, respectfully requests that the Court enter judgment in his favor and against Defendant CITY OF CHICAGO and CHICAGO POLICE DETECTIVES DION BOYD, CEDRICK PARKS, CARL WITHERSPOON (who, on information and belief were working together on the Freeny murder investigation in March of 2005), as well as other PRESENTLY UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, KYLE IRVIN, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mike Kanovitz
Samantha Liskow
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

7